Louis and Yetta Gordon v. Commissioner.
Gordon v. Commissioner
Docket No. 45369.
United States Tax Court
T.C. Memo 1955-54; 1955 Tax Ct. Memo LEXIS 284; 14 T.C.M. (CCH) 184; T.C.M. (RIA) 55054; March 10, 1955
*284 Louis Gordon, 72-28 One Hundred-Fifty-Third Street, Flushing, N. Y., pro se. James J. Quinn, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent has determined a deficiency of $213.06 in income tax for the calendar year 1950. The question presented is whether petitioners are entitled to deduct certain amounts claimed as ordinary and necessary expenses of Louis Gordon's business. Findings of Fact Louis Gordon, hereinafter sometimes called petitioner, was employed from the beginning of 1950 until August 8, 1950 as an insurance salesman for Mutual Benefit Health and Accident Association, otherwise known as Mutual of Omaha. During this period, records detailing prospective customers whose names were obtained by advertising, known as leads, were kept for petitioner by a subagent of the company. These records were never made available to petitioner when he left the employ of the company and have never since been made available. After leaving Mutual of Omaha, petitioner was employed by Federal Life and Casualty Company as an insurance agent. On their 1950 joint income tax return, petitioner reported gross income of $1,567.99 *285 from Mutual of Omaha and $1,524.25 from Federal Life and Casualty Company and petitioner's wife reported gross income of $4,574.24 from her employment as a school teacher. In this return, petitioner claimed the following deductions from adjusted gross income as expenses incurred in his business as an agent or salesman: Broker's license
$ 7.00
Postage
310.00
Leads
370.00
Telephone
260.00
Transportation
other than car
110.00
$1,057.00
Car expenses
Depreciation
$316.00
Gasoline
610.50
Oil
52.50
Insurance
98.50
Tolls
120.00
Auto repairs
269.00
Parking
23.50
(75% of total)
$1,490.00
1,117.50
Total expenses claimed
$2,174.50 Respondent allowed, without any substantiation by petitioners, $950 of the total expenses claimed. The following expenses are conceded: Room and board while on the road
$125.75
Auto repairs
165.01
Bridge commutation tickets for Nov.
and Dec. 1950
20.00
Auto liability insurance
98.50
Auto fire and theft insurance
6.80 When petitioner prepared this tax return for his wife and himself, he did so mainly from memory because, although he kept a diary indicating prospective customers and *286 contracts, he had no complete records of the expenses incurred during his employment with Mutual of Omaha. Petitioner spent at least $125.75 for room and board while on the road, all of which has been conceded by respondent although not deducted on the 1950 tax return. Petitioner expended a large part of the money in the hope of obtaining not only initial commissions on the sale of policies but also renewals for subsequent years. Due to a misunderstanding of the contract with Mutual of Omaha, petitioner received no renewals from that company after leaving its employ in August 1950, but he has received renewal commissions from Federal Life and Casualty Company. Petitioner expended not more than $950 in his occupation as insurance salesman during the year 1950 except for an additional amount of $125.75 for room and board while away from home. Opinion We have found the facts as favorably to petitioner as can possibly be justified from the testimony and exhibits. On these findings there is no showing that petitioner is entitled to any greater deduction than that already allowed. Without doubt certain of the expenditures claimed were actually made. But respondent has given petitioner *287 the benefit of almost half of the total claimed and under the circumstances the Cohan rule [1] cannot be given effect. For all that appears, whatever expenses were undertaken have been included in the amount which respondent has allowed. The Commissioner "has recognized that 'something was spent', and has made presumably 'as close an approximation' as he could. There is nothing upon which the Board can base a different or greater approximation." . What we have said, however, does not apply to one item. The amount of $125.75 was concededly paid out for room and board while petitioner was on the road but no deduction for such an expenditure was claimed in the return and we have so found as a fact. Since the amounts disallowed were, in the language of the deficiency notice, those which petitioner claimed on his return, and since it is now conceded that an additional unclaimed sum was actually expended, we think this amount must be added to the permitted deductions. Decision will be entered under Rule 50. Footnotes
1. .↩